Chief Justice Rorertson,
delivered tho opinion of the Court.
Tins is an action of debt, brought by the defendant against the plaintiff in error, on an appeal bond. The declaration averred that the decree appealed from, liad been affirmed. The circuit court, after overruling a demurrer to the declaration, sustained a demurrer to a plea of nul tiel record-, and thereupon judgment was rendered for damages assessed on a writ of enquiry.
The plea is good. It is, in effect, a denial of the allegation of affirmance; for if there be no record affirmance, the decree could not have been aff3rmetp ;s not material, therefore whether nul leil record, ora plea simply denying that the decree had been affirmed, would have been most formal: In this case they would be the same in effect.
. But nul tiel record was the most appropriate plea, The technical mode of declaring would have been, (-0 aVer that the decree had been affirmed, “as appears by the record.” But simply averring that the decree had been affirmed is, in substance, equivalent t0 the more technical averment. Tf the averment had added, “prout patet per recordum'’’ it would certainly have been proper to plead that there was no such record; for, whenever a declaration avers that a material fact appears by a record, the proper plea is nul tiel record; and, consequently, as the decía *33 ration can be sustained only on the ground that the averment that the decree had been affirmed, implies that there was a record of the affirmance, the plea of nul tiel record, was not only in substance and effect, but in form also, the proper plea. And surely, if it be true, there is no cause of action. The circuit court, therefore, erred in sustaining the demurrer to the plea. Wherefore the judgment is reversed, and the case remanded with instructions to.overrule the demurrer to the plea.
Maggin for appellant, Payne for appellee.